UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TAWNY BLAZEJOWSKI,

    Plaintiff,

v.                                      Case No. 3:20-cv-477-J-34MCR

HOWARD M. MALTZ,

    Defendant.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Tawny Blazejowski, a detainee at the Lowell Correctional Institution, initiated this action by mailbox rule on May 5, 2020, by filing a pro se "Motion for Preliminary Injunction and Temporary Restraining Order" (Motion; Doc. 1). In the Motion, Blazejowski contends that Defendant is inhibiting her access to state court and requests that the Court order Defendant to recuse himself from Blazejowski's criminal case and to have no contact with Blazejowski. The Court is of the opinion that injunctive relief is not warranted.

> A preliminary injunction is an "extraordinary and drastic remedy." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (quoting All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)).  To secure an injunction, a party must prove four elements: (1) a substantial likelihood of success on the merits; (2) irreparable injury absent an injunction; (3) the injury outweighs whatever damage an injunction may cause the opposing party; and (4) an injunction is not adverse to the public interest. Id.

Citizens for Police Accountability Political Comm. v. Browning, 572 F.3d 1213, 1217 (11th Cir. 2009) (per curiam); Keister v. Bell, 879 F.3d 1282, 1287-88 (11th Cir. 2018), cert.

denied, No. 18-17, 2018 WL 3241787 (Oct. 1, 2018). The movant must clearly establish the burden of persuasion as to the four requisites. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998). Blazejowski has failed to carry her burden. See Roland v. Phillips, 19 F.3d 552, 555 (11th Cir. 1994) (quotations and citations omitted) ("Judges are absolutely immune from civil liability under section 1983 for acts performed in their judicial capacity, provided such acts are not done in the clear absence of all jurisdiction."). Blazejowski has not alleged a lack of subject matter jurisdiction. Therefore, her Motion is due to be denied.

Moreover, Blazejowski is advised that the Court has approved the use of a civil rights complaint form for cases filed by prisoners pursuant to 42 U.S.C. § 1983. The form requires a plaintiff to include detailed information regarding the defendants a plaintiff intends to sue, the plaintiff's litigation history, a statement of the plaintiff's claims and facts, and the relief the plaintiff requests. Here, Blazejowski has neither filed a civil rights complaint form nor provided the Court with all of the information required by the civil rights complaint form. Therefore, the Court will direct the Clerk of Court to send Blazejowski the proper form for her use if she chooses to refile. The filing fee for a civil rights action is $400.00. Blazejowski may file an Affidavit of Indigency if she does not have adequate funds to pay the full filing fee. In light of the foregoing, this case will be dismissed without prejudice to Blazejowski's right to properly initiate a civil rights case and address any allegedly unconstitutional actions if she elects to do so.

Therefore, it is now

**ORDERED AND ADJUDGED**:

1. Tawny Blazejowski's Motion (Doc. 1) is **DENIED.**

2. This case is hereby **DISMISSED WITHOUT PREJUDICE** to Blazejowski's right to refile on the proper forms.

3. The Clerk of Court shall enter judgment dismissing this case without prejudice, terminating any pending motions, and closing the case.

4. The Clerk shall send a civil rights complaint form and an Affidavit of Indigency form to Blazejowski. If she elects to refile her claims, she may complete and submit the proper forms. Blazejowski should not place this case number on the forms. The Clerk will assign a separate case number if Blazejowski elects to refile her claims. In initiating such a case, Blazejowski should either file a fully completed Affidavit of Indigency (if she desires to proceed as a pauper) **or** pay the proper filing fee (if she does not desire to proceed as a pauper).

**DONE AND ORDERED** at Jacksonville, Florida, this 12th day of May, 2020.

MARCIA MORALES HOWARD
United States District Judge

Jax-8

C: Tawny Blazejowski #156630